IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV647

| | | |
|---|---|---|
| GREGORY GADDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE HOME DEPOT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon Defendants' Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue. In support of their motion, Defendants have filed the affidavit of Eric Quarles, store manager of the store in which Plaintiff was employed. On March 6, 2012, the court issued a *Roseboro* notice to the *pro se* Plaintiff directing him to respond to Defendants' motion within fourteen days. Plaintiff has failed to file a response.

Plaintiff's Complaint alleges discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") 42 U.S.C. § 2000e, *et seq*. On April 25, 2011, Home Depot hired Gregory Gaddy ("Plaintiff") to work at Home Depot Store #115, located at 4343 Tilly Mill Road, Atlanta, Georgia. Plaintiff worked for Home Depot Store #115 from April 25, 2011, until November 8, 2011. On November 8, 2011, Home Depot terminated Plaintiff's employment. On November 18, 2011, Plaintiff filed a Charge of Discrimination against Home Depot, in which he asserted discrimination on the basis of his sex in alleged violation of Title VII. Plaintiff filed this Charge with the Atlanta District Office of the U.S. Equal Employment Opportunity

Commission ("EEOC"), which is located in Atlanta, Georgia. On November 22, 2011, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue. Plaintiff subsequently filed the instant lawsuit in this court.

Each of Plaintiff's claims arises from his employment with and separation from Home Depot in Atlanta, Georgia. Plaintiff's entire employment with Home Depot occurred in Georgia, including his termination. Moreover, Home Depot associates who may be witnesses in this case work for Home Depot in Atlanta, Georgia. Home Depot's associate personnel files relating to Plaintiff and associates employed at Atlanta, Georgia Store #115 are located at either Store #115, or at Home Depot's principal office, which is also located in Atlanta, Georgia. The associates, supervisors, and managers Plaintiff accuses of engaging in unlawful conduct in violation of Title VII worked for Home Depot in Atlanta, Georgia.

When a defendant challenges a plaintiff's venue assertion the plaintiff bears the burden of proving venue is proper. *Plant Genetic Sys., N.V. v. Ciba Seeds & Mycogen Plant Sci., Inc.*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Title VII includes a specific venue provision establishing appropriate venue for all Title VII causes of action. Title VII's venue provision states:

> An action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. 2000e-5(f)(3).

Based on the allegations in Plaintiff's Complaint and the attached affidavit of Home

Depot Store Manager Eric Quarles, it appears to the court that under Title VII's venue provision, venue is not proper in the Western District of North Carolina. Plaintiff worked for Home Depot only in Atlanta, Georgia. Thus, Plaintiff's allegations of work-related discrimination are restricted to the Northern District of Georgia because that is where the alleged unlawful employment practices potentially could have occurred. Home Depot informed Plaintiff that it was terminating his employment while Plaintiff was at Store #115 in Atlanta, Georgia. Home Depot maintains its employment records relating to Store #115's associates, including Plaintiff, in Atlanta, Georgia or at its principal office also located in Atlanta, Georgia. Had Home Depot not terminated Plaintiff's employment, he would have remained employed at-will at Home Depot Store #115 in Atlanta, Georgia, where he had worked since April of 2011. Therefore, venue is not proper in this Court.

Pursuant to 28 U.S.C. §1406(a), "when an action is lodged in an incorrect district, the court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Williams v. ALCOA*, 1996 U.S. Dist. LEXIS 13528 at *8-9, citing 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Id*. (citations omitted.) In its discretion, rather than dismiss this case, the court will transfer the case to the Northern District of Georgia, where it should have been brought.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue is hereby GRANTED IN PART AND DENIED IN PART,

and this matter is hereby ordered transferred to the United States District Court, Northern District of Georgia, Atlanta Division.

Signed: March 29, 2012

Graham C. Mullen
United States District Judge